COPY

1   RICHARD ST. JOHN (State Bar No. 202560)
    Richard.St.John@mto.com
2   TINA CHAROENPONG (State Bar No. 242024)
    Tina.Charoenpong@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA  90071-1560
5   Telephone:   (213) 683-9100
    Facsimile:   (213) 687-3702
6
    Attorneys for Defendants
7   GREEN EARTH TECHNOLOGIES, INC. AND
    WILLIAM J. MARSHALL
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11  MATHEW ZUCKERMAN, and              CASE NO. CV09-09226 PA (FFMx)
    individual; INTERMOUNTAIN
12  MARKETING & FINANCE, INC., a       NOTICE OF REMOVAL OF CIVIL
    corporation; TREYA, INC., a        ACTION PURSUANT TO  28 U.S.C.
13  corporation; and LORA JAKOBSEN as  §§ 1441 AND 1446
14  Trustee of the Mathew Mark
    Zuckerman Trust dated December 20, [Civil Cover Sheet, Declaration of Tina
15  2004,                              Charoenpong, Notice of Interested
                                       Parties, Corporate Disclosure Statement,
16              Plaintiffs,            and Notice of No Related Cases filed
                                       concurrently herewith]
17        vs.

18  GREEN EARTH TECHNOLOGIES,
    INC., a corporation; WILLIAM J.
19  MARSHALL, and individual; and
    DOES 1 to 100,
20
                Defendants.
21

22

23

24

25

26

27

28

9498936.1

NOTICE OF REMOVAL OF CIVIL ACTION

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2   PLEASE TAKE NOTICE that Defendants Green Earth Technologies, Inc.

3   ("GET") and William J. Marshall ("Marshall"), by their attorney, Munger, Tolles &

4   Olson LLP, hereby remove the above-captioned matter, which was commenced in

5   the Superior Court of the State of California in the County of Los Angeles as Case

6   Number BC426196, to the United States District Court for the Central District of

7   California.

8   In support of this Notice of Removal, GET and Marshall state and/or allege

9   the following:

10   **The Complaint**

11   1.   On or about November 17, 2009, Plaintiffs, identified in their

12   pleadings as Mathew Zuckerman, Intermountain Marketing & Finance, Inc., Treya,

13   Inc., and Lora Jakobsen, commenced a civil action in the Superior Court of the

14   State of California, County of Los Angeles, naming GET and Marshall as

15   defendants.  A copy of the Summons, Civil Case Cover Sheet, and Complaint are

16   attached as Exhibits A, B, and C, respectively, hereto.

17   2.   On or about November 23, 2009, Plaintiffs filed an amendment to the

18   Complaint, identifying American Stock Transfer & Trust Company, LLC ("AST")

19   as Defendant "Doe 1."  A copy of the amendment to the Complaint is attached as

20   Exhibit D hereto.

21   3.   The Complaint alleges, *inter alia*, that the defendants violated sections

22   8-401 and 8-407 of the Uniform Commercial Code, breached their fiduciary duty to

23   Plaintiffs, and converted Plaintiffs' shares of GET stock, and that Plaintiffs are

24   entitled to declaratory relief against GET regarding a non-competition agreement.

25   4.   Plaintiffs seek equitable relief, monetary damages, and declaratory

26   relief arising from (i) shares of stock in GET issued to plaintiff Mathew Zuckerman

27   and (ii) an employment agreement entered into between Mr. Zuckerman and GET.

28   *See* Exhibit C.

9498936.1                                    - 1 -

1    **<u>Jurisdiction and Basis for Removal</u>**

2    5.    Removal is proper on the basis of diversity jurisdiction, pursuant to 28

3    U.S.C. § 1441.

4    6.    In the Complaint, Plaintiffs identify themselves as follows: (i) Plaintiff

5    Mathew Zuckerman is an individual residing in Los Angeles, California; ii)

6    Plaintiff Intermountain Marketing & Finance, Inc. is a corporation organized under

7    the laws of Nevada; (iii) Plaintiff Treya, Inc. is a corporation organized under the

8    laws of Nevada; and (iv) plaintiff Lora Jakobsen is an individual residing in Los

9    Angeles, California.  Exhibit C, ¶¶ 1-4.

10   7.    Upon information and belief, the principal place of business of

11   Plaintiffs Intermountain Marketing & Finance Co., Inc. and Treya, Inc. is

12   California.

13   8.    In the Complaint, Plaintiffs identify Defendant GET as a corporation

14   organized under the laws of Delaware.  Exhibit C, ¶ 5.

15   9.    The principal place of business of GET is Stamford, Connecticut.

16   10.   In the Complaint, Plaintiffs identify Defendant Marshall as an

17   individual residing in Stamford, Connecticut.  Exhibit C, ¶ 6.

18   11.   In the amendment to the Complaint, Plaintiffs named AST as an

19   additional defendant.  Upon information and belief, AST is a limited liability

20   company organized under the laws of Delaware, with its principal place of business

21   in New York, New York.  Upon information and belief, none of the members of

22   AST is a citizen of California or Nevada.

23   12.   Based on the allegations in the Complaint, the amount in controversy

24   in this matter exceeds $75,000, exclusive of interest and costs.  *See, e.g.*, Exhibit C,

25   ¶ 46.

26   13.   Based on the above, this Court has original jurisdiction over this action

27   pursuant to 28 U.S.C. § 1332(a).

28

NOTICE OF REMOVAL OF CIVIL ACTION

14.     Given the complete diversity of citizenship between the parties and the amount in controversy, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**<u>Procedurally Proper Removal</u>**

15.     Plaintiffs filed the Complaint on November 17, 2009.  Defendant GET received service of the summons and complaint on or about November 20, 2009.  Defendant Marshall received service of the summons and complaint on or about November 23, 2009.  To date, neither GET nor Marshall has received a copy of the amendment to the Complaint.  *See* Exhibit C.

16.     Plaintiffs' amendment naming AST as a defendant was filed on November 23, 2009.  *See* Exhibit D.

17.     Defendant AST consents to the removal of this action.  *See* Declaration of Tina Charoenpong.

18.     In compliance with their obligations under 28 U.S.C. § 1446(a), (b), and (d), Defendants GET and Marshall inform the Court, as follows:

  a.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11;

  b.     The following documents constitute all of the process, pleadings, or orders received or served by the defendants in this action, true and correct copies of which are attached as exhibits and incorporated herein as part of this Notice:

    Exhibit A Summons

    Exhibit B Civil Case Cover Sheet

    Exhibit C Complaint

    Exhibit D Amendment to Complaint

  c.     This Notice of Removal has been filed within thirty days of receipt by Defendants GET and Marshall of the Complaint; and

  d.     Defendants GET and Marshall will promptly file a copy of this

NOTICE OF REMOVAL OF CIVIL ACTION

1    County of Los Angeles, and will serve it on all parties.

2            WHEREFORE, Defendants GET and Marshall hereby remove this

3    action, now pending in the Superior Court of the State of California for the County

4    of Los Angeles, Case Number BC426196, to the United States District Court for

5    the Central District of California.

6

7    DATED: December 16, 2009          MUNGER, TOLLES & OLSON LLP
                                       RICHARD ST. JOHN
8                                      TINA CHAROENPONG

9

10

11   By: _____
                     TINA CHAROENPONG

12                   Attorneys for Defendants
                     GREEN EARTH TECHNOLOGIES,
13                   INC. AND WILLIAM J. MARSHALL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9498936.1                          - 4 -

NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
FILED
Los Angeles Superior Court

NOV 1 7 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. LaFLEUR-CLAYTON

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREEN EARTH TECHNOLOGIES, INC., a corporation; WILLIAM J.
MARSHALL, and individual; and DOES 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATHEW ZUCKERMAN, and individual, INTERMOUNTAIN MARKETING & FINANCE,
INC., a corporation, TREYA, INC., a corporation, and LORA JAKOBSEN as Trustee of
the Mathew Mark Zuckerman Trust dated December 20, 2004

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court – Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 4 2 6 1 9 6** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward D. Totino  (SBN: 169237)
DLA Piper LLP (US), 1999 Avenue of the Stars, Fourth Floor, Los Angeles, California 90067
310.595.3000

| DATE:<br>*(Fecha)* | JOHN A. CLARKE, CLERK | Clerk, by<br>*(Secretario)* | AMBER LaFLEUR-CLAYTON | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

A TRUE COPY
ATTEST

PROCESS SERVER
ERIC RUBIN

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Green Earth Technologies, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]
NOV 1 7 2009

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

**Exhibit A**
**-5-**

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Edward D. Totino (SBN: 169237)<br>DLA Piper LLP (US)<br>1999 Avenue of the Stars, Fourth Floor<br>Los Angeles, CA 90067<br>TELEPHONE NO.: 310-595-3000   FAX NO.: 310-595-3016<br>ATTORNEY FOR (Name): Plaintiffs | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 17 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>A.E. LaFLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District

CASE NAME: Mathew Zuckerman, et al. vs. Green Earth Technologies, Inc., et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 4 2 6 1 9 6 |
|---|---|---|
| ☒ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☒ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.☒ monetary  b.☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): 4, Breach of UCC s. 8401 and 8407, Breach of Fiduciary Duty, Conversion, Dec. Rel.
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 17, 2009
Edward D. Totino, Esq.
(TYPE OR PRINT NAME)                    ►          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit B
-6-

| SHORT TITLE: Mathew Zuckerman, et al. vs. Green Earth Technologies, Inc., et al. | CASE NUMBER | BC 4 2 6 1 9 6 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B | | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| | | Type of Action | (Check only one) | |
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos- Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3. ,4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

**Exhibit B**
-7-

| SHORT TITLE: Mathew Zuckerman, et al. vs. Green Earth Technologies, Inc., et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2., 5., 6<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation           Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

The left margin contains the following vertical category labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

Exhibit B
-8-

| SHORT TITLE: Mathew Zuckerman, et al. vs. Green Earth Technologies, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☒ A6035  Securities Litigation Case | 1., ⨂, 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8. ,9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3. ,9.<br>2., 3., 9.<br>2., 3. ,9.<br>2.<br>2., 7.<br>2., 3. ,4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit B
-9-

| SHORT TITLE: Mathew Zuckerman, et al. vs. Green Earth Technologies, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 10080 Vally Spring Road |
|---|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | | |
| CITY: Toluca Lake | STATE: CA   ZIP CODE: 91602 | Case may be filed in Central |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the Central _____District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: November 17, 2009



(SIGNATURE OF ATTORNEY/FILING PARTY)
Edward D. Totino, Esq.
Attorneys for Plaintiffs

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkflow.com

LASC, rule 2.0

Page 4 of 4

Exhibit B
-10-

# EXHIBIT C

1  EDWARD D. TOTINO (Bar No. 169237)
   MATTHEW D. CAPLAN (Bar No. 260388)
2  **DLA PIPER LLP (US)**
   1999 Avenue of the Stars, Suite 400
3  Los Angeles, CA  90067-6023
   Tel:  310.595.3000
4  Fax:  310.595.3300

5  Attorneys for Plaintiffs
   MATHEW ZUCKERMAN, INTERMOUNTAIN
6  MARKETING & FINANCE, INC., TREYA, INC.
   AND LORA JAKOBSON as trustee of the
7  MATHEW MARK ZUCKERMAN TRUST

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 17 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

8

9              SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

10  MATHEW ZUCKERMAN, and
    individual, INTERMOUNTAIN
11  MARKETING & FINANCE, INC., a
    corporation, TREYA, INC., a corporation,
12  and LORA JAKOBSEN as Trustee of the
    Mathew Mark Zuckerman Trust dated
13  December 20, 2004,

14              Plaintiffs,

15          v.

16  GREEN EARTH TECHNOLOGIES, INC.,
    a corporation; WILLIAM J. MARSHALL,
17  and individual; and DOES 1 to 100,

18              Defendants.

CASE NO.  **BC426196**

**COMPLAINT FOR: (1) FOR VIOLATION
OF UNIFORM COMMERCIAL CODE §§
8-401 AND 8-407; (2) BREACH OF
FIDUCIARY DUTY; (3) CONVERSION;
AND (4) DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL**

19

20      Plaintiffs Mathew Zuckerman ("Zuckerman"); Intermountain Marketing & Finance, Inc.

21  ("Intermountain"), Treya, Inc. ("Treya") and Lora Jakobsen as Trustee of the Mathew Mark

22  Zuckerman Trust dated December 20, 2004 ("Jakobsen") (collectively, "Plaintiffs") allege the

23  following:

24                          **THE PARTIES**

25      1.  Plaintiff Zuckerman is, and at all times relevant hereto has been, an individual

26  residing in Los Angeles, California.

27      2.  Plaintiff Intermountain, is, and at all times relevant hereto has been, a

28  corporation organized under the laws of the State of Nevada.

-1-

DLA PIPER LLP (US)
LOS ANGELES

COMPLAINT
WEST\21829981.3

Exhibit C
-11-

3.  Plaintiff Treya is, and at all times relevant hereto has been, a corporation organized under the laws of the State of Nevada.

4.  Plaintiff Jakobsen is, and at all times relevant hereto has been, an individual residing in Los Angeles, California.  Jakobsen is the trustee of the Mathew Mark Zuckerman Trust dated December 20, 2004.

5.  Defendant Green Earth Technologies, Inc. ("Green Earth") is, and has been since August 7, 2007, a corporation organized under the laws of Delaware.  At all relevant times, defendant Green Earth was doing business in the County of Los Angeles, California.

6.  Defendant William J. Marshall ("Marshall") is, and at all times relevant hereto has been, an individual residing in Stamford, Connecticut.  Marshall is the CEO, Chairman and a director of defendant Green Earth.

7.  Plaintiffs are unaware of the true names and capacities of defendants DOES 1 through 100, inclusive, and therefore sue said defendants by their fictitious names.  Plaintiffs will amend this complaint to allege their true names, capacities, or basis for liability when the same has been ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated as a DOE has acted as the agent of the other defendants named herein, conspired with the other defendants named herein, assisted the other defendants named herein, and/or is responsible in some manner for the actions of the other defendants named herein.  Defendants Green Earth, Marshall, and Does 1 through 100, inclusive, will be collectively referred to herein as "Defendants."

**Zuckerman's Founding of and Departure from Green Earth**

8.  Zuckerman is a noted inventor and founder of companies.  He received a Bachelors, Masters and PhD. in Environmental Engineering from the School of Engineering and Science at New York University.

9.  Zuckerman founded Green Earth Technologies, Inc., a Nevada corporation, in or about June 2007.  He was the sole director, officer and shareholder of that entity.  In or about July 2007, that entity was merged into MiNetworks Group, Inc., a Nevada Corporation.  Later, in

1   or about August 2007, the entity was merged into defendant Green Earth. Green Earth claims

2   that, in or about December 2007, that merger was reversed.

3         10. On or about December 27, 2007, Green Earth had 43,276,172 shares issued

4   and outstanding. Mathew Zuckerman owned 30,600,000 of the shares (Certificate No. 4266 for

5   13,550,000 shares and Certificate No. 4310 in the amount of 17,050,000).

6         11. In or about December 2007, as a precondition to Green Earth obtaining

7   promised financing of approximately $10 million that Marshall represented he was arranging,

8   Zuckerman assigned rights to certain technology to Green Earth, purportedly in exchange for

9   12,000,000 shares of Green Earth common stock. The Assignment of Invention, Priority Rights

10   and Rights to Apply for Patents was orchestrated by Marshall and signed by Zuckerman and

11   Gordon S. Donovan, Green Earth's then Vice President and Chief Financial Officer. However,

12   Zuckerman did not actually receive any stock in connection with this assignment, as he already

13   owned the shares of Green Earth common stock referenced in the Agreement.

14         12. In or about February 2008, Zuckerman resigned his position as President and

15   CEO of Green Earth but remained as Chairman, and defendant Marshall assumed those roles and

16   became a director of Green Earth.

17         13. Around the same time, in order to induce Marshall and others to serve as

18   officers of the company without diluting Green Earth's other shareholders, Zuckerman gifted

19   19,000,000 of his Green Earth shares to those officers, with 10,000,000 shares going to Marshall,

20   8,000,000 shares going to Jeffery Loch, Green Earth's Chief Marketing Officer, and 1,000,000

21   shares going to Gregory Adams ("Adams"), Green Earth's Chief Financial Officer who was

22   hand-picked by Marshall.

23         14. Marshall and his hand-picked CFO represented to Zuckerman that they would

24   raise $10 million to $15 million in funds for Green Earth. This representation induced

25   Zuckerman to transfer the 11,000,000 shares to Marshall and Adams. Indeed, Marshall insisted

26   that no new shares be issued by Green Earth but that Zuckerman reduce his holdings in Green

27   Earth by transferring the shares to Marshall and Adams. Marshall and Adams failed to raise the

28   funds promised.

15. In or about March 2008, Green Earth took certain actions by written consent of the directors. These actions were memorialized by a document entitled Green Earth Technologies, Inc. Action by Written Consent of the Directors in Lieu of a Special Meeting (the "Written Consent") which was signed by Zuckerman and defendant Marshall, the only directors of Green Earth at that time. Among other things, the Written Consent authorized the issuance of 14,300,000 Green Earth shares to Zuckerman.

16. In or about November 2008, Zuckerman resigned as Chairman of Green Earth, and was appointed President and Chief Operating Officer, while still remaining a director of Green Earth. At the same time, Marshall resigned as President and was elected Chairman.

17. On or about January 31, 2009, Zuckerman resigned as President, Chief Operating Officer and director of Green Earth. In connection with his resignation, Zuckerman was informed in writing by Green Earth through Janet Jankura, its director and chairman of its compensation committee, that he would be deemed and affiliate of Green Earth for Securities Act Rule 144 purposes for 90 days after his resignation as an officer and director.

**Zuckerman's Transfer of His Green Earth Shares to the Other Plaintiffs**

18. Zuckerman transferred certain of this Green Earth shares to entities that he or his family members controlled.

19. As of the filing of this complaint, Zuckerman's Green Earth shares are held as follows, with each of the holders being the lawful owner of its respective shares:

| Certificate No. | Shareholder | Number of Shares |
|---|---|---|
| 4592 | Intermountain | 3,900,000 |
| 4435 | Treya | 666,667 |
| 4541 | Treya | 1,031,412 |
| 4595 | Lora Jakobsen | 500,000 |
| 4596 | Lora Jakobsen | 500,000 |
| 4597 | Lora Jakobsen | 500,000 |
| 4598 | Lora Jakobsen | 500,000 |

| 4599 | Lora Jakobsen | 500,000 |
|---|---|---|
| 4600 | Lora Jakobsen | 500,000 |
| 4601 | Lora Jakobsen | 400,000 |
| 4546 | Treya | 1,900,000 |

**Green Earth's Refusal To Allow Plaintiffs to Transfer Their Shares**

20. In reliance on Green Earth's representation that Zuckerman would cease being an affiliate of Green Earth 90 days after his resignation from Green Earth, and that fact that their shares bore no restrictive legends, Plaintiffs in or about May 2009 requested through their broker that their shares be transferred into the name of the broker's nominee so that they could be sold.

21. Plaintiffs' broker then contacted Green Earth's transfer agent, and the transfer agent confirmed to Plaintiffs' broker that the shares were free trading and could be transferred. In reliance on this representation, and the fact that the shares bore no restrictive legend, the broker commenced selling certain of the shares.

22. On or about September 9, 2009, Plaintiffs learned that Green Earth had instructed its transfer agent to put an account level stop on transfers of their shares. In response, the transfer agent refused to permit any activity with respect to the shares including the removal of restrictive legends without the permission of an officer of Green Earth. Despite repeated demands by Plaintiffs, no officer of Green Earth has given permission to resume transferring the shares.

23. Plaintiffs then contacted Green Earth. Despite Green Earth's previous statement that Zuckerman was no longer an affiliate of Green Earth, Green Earth claimed that it could not allow Plaintiffs to transfer the shares because Zuckerman was an affiliate, and requested a legal opinion that Zuckerman was not an affiliate.

24. On or about November 4, 2009, Plaintiffs submitted a legal opinion to Green Earth that Zuckerman was not an affiliate, and that all shares other than those represented by Certificate No. 4546 held by Treya could be transferred and should be free of restrictive legend.

1   As to the shares represented by Certificate No. 4526, the legal opinion provided that those shares

2   should be freely transferrable on January 13, 2010.

3        25. On or about November 12, 2009, Plaintiffs forwarded this legal opinion to the

4   transfer agent and demanded that the transfer agent allow the transfer of the shares.

5        26. Rather than honor this legal opinion, and allow the transfer of the shares,

6   Green Earth continues to this day to refuse to allow Plaintiffs to transfer those shares.  However,

7   Green Earth has changed the alleged justification for its refusal to allow Plaintiffs to transfer their

8   shares.  It apparently no longer argues that Zuckerman is an affiliate of Green Earth.  Instead,

9   Green Earth now argues that the technology assigned by Zuckerman to Green Earth did not have

10  as much value as Green Earth thought it did, that Green Earth has concerns about certain stock

11  trading by unrelated parties, and that Zuckerman allegedly violated a non-competition agreement.

12  None of these allegations, even if true, would justify Green Earth refusing to permit the transfer

13  of Plaintiffs' shares.

14       27. Green Earth's refusal to allow Plaintiffs to transfer their shares has caused

15  them significant damage as they have been unable to sell their shares.

16                       **FIRST CAUSE OF ACTION**

17  **(FOR VIOLATION OF UNIFORM COMMERCIAL CODE §§ 8-401 and 8-407 AGAINST**

18                         **ALL DEFENDANTS)**

19

20       28. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 27 above

21  as though they were fully set forth here.

22        29. As set forth more specifically above, Plaintiffs presented certain stock

23  certificates to Green Earth and its transfer agent and demanded that Green Earth and its transfer

24  agent register the transfer of those stock certificates and/or remove the restrictive legends from

25  those stock certificates.

26       30. As set forth more specifically above, Green Earth and its transfer agent

27  unreasonably failed and refused to and still refuse to register the transfer.

28

DLA Piper LLP (US)    WEST21829981.3                    -6-
Los Angeles

                                                              COMPLAINT

Exhibit C
-16-

1           31. On November 4, 2009, Plaintiffs wrote to defendant Marshall, an officer of

2 Green Earth, to request registration of the transfer. Defendant Marshall has unreasonably failed

3 and refused to and still refuses to cause Green Earth and its transfer agent to register the transfer.

4           32. On November 12, 2009, Plaintiffs wrote to Green Earth's transfer agent to

5 request registration of the transfer.

6           33. By reason of Green Earth, Marshall and Does 1 through 100's refusal to

7 register the transfer of Plaintiffs' shares, Plaintiffs have been unable to sell their shares and have

8 suffered damages.

9           34. Plaintiffs request judgment against Defendants (1) directing Defendants to

10 register the transfer of Plaintiffs' shares, and (2) awarding Plaintiffs damages in an amount to be

11 proven at trial.

12 **SECOND CAUSE OF ACTION**

13 **(BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS)**

14           35. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 34 above

15 as though they were fully set forth here.

16           36. Since the Plaintiffs are the legal and/or beneficial owners of Green Earth stock,

17 each of the Defendants owe each of the Plaintiffs a fiduciary duty in holding and transferring of

18 their stock. This fiduciary duty includes the duty to allow Plaintiffs to transfer and sell their

19 shares, to not interfere with the transfer and sale of those shares, and to act in good faith with

20 respect to any transfers or sales.

21           37. Defendants each breached their fiduciary duties to Plaintiffs by interfering with

22 and preventing Plaintiffs from transferring their shares. Defendants in doing so treated Plaintiffs

23 differently from other Green Earth shareholders and oppressed Plaintiffs.

24           38. As a result of the foregoing breaches of fiduciary duty by Defendants,

25 Plaintiffs have suffered damages in an amount to be proven at trial.

26           39. The aforementioned conduct of Defendants was despicable conduct that

27 subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights so as

28 to justify an award of punitive damages.

DLA PIPER LLP (US)
Los Angeles
   WEST\218299813.3                               -7-

COMPLAINT

Exhibit C
-17-

1

## THIRD CAUSE OF ACTION

2

### (FOR CONVERSION AGAINST GREEN EARTH AND MARSHALL)

3    40. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 34 above

4  as though they were fully set forth here.

5    41. Plaintiffs are the rightful and lawful owners of the Green Earth shares set forth

6  above.

7    42. Plaintiffs have demanded the defendants Green Earth and Marshall allow them

8  to transfer their Green Earth shares.

9    43. Defendants Green Earth and Marshall have refused to allow the transfer of

10  Plaintiffs' Green Earth shares.

11    44. Defendants Green Earth and Marshall have no legitimate justification for their

12  refusal to allow the transfer of Plaintiffs' Green Earth shares.

13    45. By refusing to allow the transfer of Plaintiffs' Green Earth shares, defendants

14  Green Earth and Marshall have converted those shares.

15    46. As a result of the foregoing conversion by Green Earth and Marshall, Plaintiffs

16  have suffered damages in an amount to be proven at trial, but not less than $6 million.

17    47. The aforementioned conduct of Green Earth and Marshall was an intentional

18  act with the intention of depriving Plaintiffs of property or legal rights or otherwise causing injury

19  to Plaintiffs, and was despicable conduct that subjected Plaintiffs to cruel and unjust hardship in

20  conscious disregard of Plaintiffs' rights, so as to justify an award of punitive damages.

21

## FORTH CAUSE OF ACTION

22

### (FOR DECLARATORY RELIEF AGAINST GREEN EARTH)

23

24    48. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 27 above

25  as though they were fully set forth here.

26    49. This is a cause of action for declaratory relief pursuant to Code of Civil

27  Procedure § 1060, etc. An actual controversy has arisen and now exists relating to the rights and

28

DLA PIPER LLP (US)   WEST\21829981.3                                    -8-
Los Angeles

COMPLAINT

Exhibit C
-18-

1   duties of Plaintiff Zuckerman and defendant Green Earth pursuant to an alleged non-competition

2   agreement.

3        50. Green Earth contends that Zuckerman has violated a non-competition

4   agreement.

5        51. Zuckerman contends that any non-competition agreement that he may have

6   entered into with Green Earth is unenforceable and, in any event, he did not violate any non-

7   competition agreement.

8        52. Zuckerman desires a judicial determination of his rights and duties, and a

9   declaration as to whether any legal obligations exist between Zuckerman and defendant Green

10   Earth regarding the non-competition agreement, and whether such rights and duties have been

11   violated.

12        53. A judicial declaration is necessary and appropriate at this time under the

13   circumstances in order that Zuckerman may ascertain his rights and duties, if any, under the non-

14   competition agreement. The uncertainty regarding the non-competition agreement is disrupting

15   and/or in the near future will disrupt Zuckerman's business.

16                 **PRAYER FOR RELIEF**

17

18       **WHEREFORE,** Plaintiffs pray for judgment against defendants, and each of them, as

19   follows:

20      On the First and Second Causes of Action:

21      1.    For an injunction requiring that Defendants transfer Plaintiffs' Green Earth shares

22   pursuant to Plaintiffs' instructions; and

23      2.    For compensatory damages according to proof at trial;

24

25      On the Third Cause of Action:

26      1.    For compensatory damages according to proof at trial but in no event less than $6

27   million;

28

1    On the Second and Third Causes of Action:

2    1.    For punitive and exemplary damages;

3    On the Fourth Cause of Action:

4    1.    For a declaration that any non-competition agreements between Green Earth and

5    6    Zuckerman are unenforceable and / or have not been violated;

7    On all Causes of Action:

8    1.    An award of prejudgment interest;

9    2.    An award of costs; and

10   11   3.    For such other and further legal and equitable relief as the Court may deem just

12   and proper.

13   Dated: November 17, 2009

14   DLA PIPER LLP (US)

15

16   By _____

17   EDWARD D. TOTINO
     Attorneys for Plaintiffs
18   MATHEW ZUCKERMAN,
     INTERMOUNTAIN MARKETING &
19   FINANCE, INC., TREYA, INC. AND LORA
     JAKOBSEN as trustee of the MATHEW
20   MARK ZUCKERMAN TRUST DATED
     DECEMBER 20, 2004

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
LOS ANGELES

WEST\21829981.3                    -10-

COMPLAINT

Exhibit C
-20-

# EXHIBIT D

ORIGINAL

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Edward D. Totino, Esq. (SBN: 169237)<br>Matthew Caplan, Esq. (SBN: 260388)<br>DLA Piper LLP (US)<br>1999 Avenue of the Stars, Fourth Floor<br>Los Angeles, CA 90067 | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): PLAINTIFFS | | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>NOV 23 2009<br>John A. Clarke, Executive Officer/Clerk<br>By_____ Deputy<br>MARY E. GARCIA |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS:<br>111 N. Hill Street<br>Los Angeles, CA 90012-3014 | | |
| PLAINTIFF:   MATHEW ZUCKERMAN, et al. | | |
| DEFENDANT:   GREEN EARTH TECHNOLOGIES, INC., et al. | | |

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC 426196   D~52 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
AMERICAN STOCK TRANSFER AND TRUST COMPANY, LLC

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>11/20/09 | TYPE OR PRINT NAME<br>Edward D. Totino, Esq. | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

### ORDER

THE COURT ORDERS the amendment approved and filed.

Dated _____                    _____
                                         Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | **AMENDMENT TO COMPLAINT**<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is DLA Piper LLP (US), 1999 Avenue of the Stars, Suite 400, Los Angeles, California  90067-6023.  On November 23, 2009, I served the within documents:

**AMENDMENT TO COMPLAINT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

President/CEO
American Stock Transfer & Trust
Company, LLC
59 Maiden Lane
New York, NY 10038

President/CEO
Green Earth Technologies, Inc.
3 Stamford Landing, Suite 200
Stamford, CT 06902

William J. Marshall
3 Stamford Landing, Suite 200
Stamford, CT 06902

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 23, 2009, at Los Angeles, California.

_Donna Bustos_
Donna A. Bustos

**Exhibit D**
**-22-**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

      I, the undersigned, declare that I am over the age of 18 and not a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California  90071-1560.

      On December 16, 2009, I served upon the interested party(ies) in this action the foregoing document(s) described as:  **Notice of Removal of Civil Action Pursuant to 28 U.S.C. §§ 1441 and 1446**

☒ By placing the original(s), a true and correct copy(ies) thereof, as set out below, in an addressed, sealed package(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

☒ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on that same date, following ordinary business practices.  I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☐ **BY PERSONAL SERVICE (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope to be delivered by hand to the office of the addressee by local courier service; and/or

☐ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

☐ **BY Electronic Mail (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by electronic mail for instantaneous transmittal.

☐ **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission.  The transmission was reported as complete and without error.  A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference.  The telephone number of the facsimile machine I used was (213) 683-9510.  This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

☐ **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America and the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

9498964.1

1     Executed on December 16, 2009, at Los Angeles, California.

2                                    _____
3                                                Marsha Oseas

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Updated 8/11/09                      - 2 -
9498964.1

1

## SERVICE LIST

2

3      Edward D. Totino
       Matthew D. Caplan
       DLA Piper LLP
4      1999 Avenue of the Stars, Suite 400
       Los Angeles, CA 90067
5
       Tel:  (310) 595-3000
6      Fax: (310) 595-3300

7      Counsel for Plaintiffs

8

9      Jeffrey H. Daichman
       Kane Kessler, P.C.
10     1350 Avenue of the Americas
       New York, NY 10019
11
       Tel:  (212) 541-6222
12     Fax:  (212) 245-3009

13     Counsel for Defendant
       American Stock Transfer
14     and Trust Company, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Updated 8/11/09                            - 3 -
9498964.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV09- 9226 PA (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Mathew Zuckerman, and individual, Intermountain Marketing & Finance, a corporation, Treya, Inc., a corporation, and Lora Jakobsen as Trustee of the Mathew Mark Zuckerman Trust dated December 20, 2004 | Green Earth Technologies, Inc., a corporation, William J. Marshall, and individual; and Does 1 to 100 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Edward D. Totino (State Bar No. 169237) DLA Piper, LLP, 1999 Avenue of the Stars, Ste. 400 Los Angeles, CA 90067 | Richard St. John (State Bar No. 202560) Tina Charoenpong (State Bar No. 242024) Munger, Tolles & Olson LLP, 355 S. Grand Ave., 35th Fl. Los Angeles, CA 90071   Telephone: 213-683-9100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ Compensatory & Punitive

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

FOR OFFICE USE ONLY:   Case Number: _____

**CV09   09226**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mathew Zuckerman - Los Angeles<br>Lora Jakobsen - Los Angeles | Intermountain Marketing & Finance, Inc. - Nevada<br>Treya, Inc. - Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Green Earth Technologies, Inc. - Delaware<br>William J. Marshall - Connecticut<br>American Stock Transfer and Trust Company - Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | All claims - Connecticut |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 16, 2009

 **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

4

5

On December 16, 2009, I served upon the interested party(ies) in this action the foregoing document(s) described as: **Civil Cover Sheet**

6

7

☒ By placing the original(s), a true and correct copy(ies) thereof, as set out below, in an addressed, sealed package(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

8

9

☒ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

10

11

12

13

☐ **BY PERSONAL SERVICE (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope to be delivered by hand to the office of the addressee by local courier service; and/or

14

15

☐ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

16

17

☐ **BY Electronic Mail (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by electronic mail for instantaneous transmittal.

18

19

☐ **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference. The telephone number of the facsimile machine I used was (213) 683-9510. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

20

21

22

23

☐ **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

24

25

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America and the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

26

27

28

9498964.1

PROOF OF SERVICE

1    Executed on December 16, 2009, at Los Angeles, California.

2

3    _____
                              Marsha Oseas

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2

3    Edward D. Totino
     Matthew D. Caplan
     DLA Piper LLP
4    1999 Avenue of the Stars, Suite 400
     Los Angeles, CA 90067

5
     Tel:  (310) 595-3000
6    Fax: (310) 595-3300

7    Counsel for Plaintiffs

8

9    Jeffrey H. Daichman
     Kane Kessler, P.C.
10   1350 Avenue of the Americas
     New York, NY 10019

11
     Tel:  (212) 541-6222
12   Fax:  (212) 245-3009

13   Counsel for Defendant
     American Stock Transfer
14   and Trust Company, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE